UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GEORGE MEJIA, # 944984 § <br> § <br> Plaintiff § <br> § <br> v. § <br> § <br> DEPUTY SGT. P. RIOJAS, § <br> SHERIFF AMADEO ORTIZ, § <br> § <br> Defendants § | Civil Action <br> No. SA-10-CA-313-OG (NN) |

SHOW CAUSE ORDER

Before the Court is Plaintiff George Mejia's 42 U.S.C. § 1983 Civil Rights Complaint.

Plaintiff contends that on an unspecified date, presumably in the Bexar County Adult Detention Center, a routine health, contraband, and safety inspection was conducted, led by Defendant Deputy Sgt. P. Riojas. The Special Emergency Response Team entered unit 7D in riot gear and wielding batons. They banged tables, made threats, and shouted orders. Plaintiff was seated and was eating. He stood, and he was pushed to the floor from behind. Plaintiff asserts he was taken for x-rays some time later, and he was told he was okay, even though he was in severe pain with impaired movement. At some unspecified time, Defendant Riojas asked Plaintiff to sign a statement that there was nothing wrong with Plaintiff and that nothing happened to Plaintiff. Plaintiff asserts that subsequent attempts to determine the identity of the actual perpetrator, to have the issue resolved through the grievance system, and to get appropriate medical attention have been to no avail.

Plaintiff claims Defendant Riojas was complicit in the behavior causing Plaintiff's injury as demonstrated by Defendant's attempt to have Plaintiff sign a statement absolving deputies. Regarding Plaintiff's claim about Defendant Sheriff Amadeo Ortiz, Plaintiff contends repeated

inquiries into the identity of the perpetrator have gone unanswered and subsequent grievances have failed to redress issues.

Title 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) states the court shall dismiss an in forma pauperis complaint if the court determines it is frivolous or malicious, or fails to state a claim on which relief may be granted. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). An action may be dismissed for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). When interpreting a prisoner's IFP complaint, the court should look at the substance of the complaint setting aside statements of "bare legal conclusions, with no suggestion of supporting facts." *See Wesson v. Oglesby*, 910 F. 2d 278, 281 (5th Cir. 1990). Conclusory IFP complaints may be dismissed as frivolous. *See, e.g.*, *Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir.), *cert. denied*, 488 U.S. 985 (1988).

*Plaintiff's Complaint is subject to dismissal as frivolous and for failure to state a claim for the following reasons*:

1. "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment] Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992).

Plaintiff alleges Defendant Riojas was complicit in the behavior of whoever pushed Plainitff, as shown by Defendant Riojas's asking Plaintiff to sign a statement absolving deputies. In a § 1983

civil rights action, a plaintiff must allege facts that would show the defendants were personally involved in the actions he complains of, or were responsible for the policy or custom giving rise to the constitutional deprivation. *See McConney v. City of Houston*, 863 F. 2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F. 2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F. 2d 610, 615 (5th Cir. 1981). An employer is not liable under § 1983 on a respondeat superior theory, i.e. an employer is not liable under § 1983 solely because he employs a tortfeasor. *Id.* at 691. Here, Plaintiff does not allege how Defendant Riojas was personally involved in pushing Plaintiff, and he does not allege how Defendant Riojas was responsible for any policy or custom giving rise a constitutional deprivation. Asking Plaintiff to sign a statement afterwards does not show Defendant Riojas was responsible for the pushing of Plaintiff.

2.      Plaintiff alleges Defendant Oritz has not responded to inquiries about who pushed Plaintiff, and Plaintiff complains his grievances have not been successful. Plaintiff has not shown he has a constitutional right to compel Defendant Ortiz to respond to inquiries. Also, Plaintiff has not shown Defendant Ortiz is aware of who pushed Plaintiff. Additionally, Plaintiff "does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction . . . and any alleged due process violation arising from the alleged failure to investigate [a prisoner's] grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

3.      Plaintiff complains generally that he has not been given appropriate medical attention, but he does not allege any act by Defendants in that regard. To establish a civil rights claim for the denial of medical care, a prisoner must allege and prove the prison authorities were deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1978). Negligence is not a basis for a civil rights action under § 1983, *see Daniels v. Williams*, 474 U.S. 327, 329-336 (1986), and "[m]edical malpractice does not become a constitutional violation merely

because the victim is a prisoner," *Estelle v. Gamble*, 429 U.S. at 106. Disagreement with a course of treatment is not a basis for a civil rights action. *Norton v. Dimazana*, 122 F. 3d 286, 292 (5th Cir. 1997). "Unsuccessful medical treatment does not give rise to a § 1983 cause of action." *Varnado v. Lynaugh*, 920 F. 2d 320, 321 (5th Cir. 1991).

Plaintiff does not allege how Defendants Riojas and Ortiz were deliberately indifferent to Plaintiff's serious medical needs. Plaintiff states he was x-rayed, but he disagrees with the diagnosis. That is not a basis for a civil rights action.

4. The case and controversy requirement of Article III of the Constitution requires that to proceed in federal court a civil rights complaint must allege an injury. *See O'Shea v. Littleton*, 414 U.S. 488, 493-95, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). Plaintiff fails to allege how he has been harmed or injured by the acts of Defendant Riojas and Defendant Ortiz, and he therefore fails to state a basis for a civil rights claim.

Before dismissal Plaintiff is entitled to amend his Complaint to cure these deficiencies if possible. *See Neitzke v. Williams*, 490 U.S. 319, 329 (1989). **Therefore, within twenty (21) days Plaintiff shall show cause why his civil rights Complaint should not be dismissed as frivolous and for failure to state a claim by filing an amended complaint (of no more than ten (10) pages) curing these deficiencies.** Alternatively, Plaintiff may request voluntary dismissal of this case. Fed. R. Civ. P. 41(a)(1). If Plaintiff fails to respond to this Order, his Petition will also be dismissed for failure to prosecute and failure to comply with the Orders of this Court pursuant to Fed. R. Civ. P. 41(b). *See Martinez v. Johnson*, 104 F. 3d 769, 772 (5th Cir. 1997).

**SIGNED** on April 30, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE